Citation Nr: 1829633 
Decision Date: 06/28/18 Archive Date: 07/02/18

DOCKET NO. 12-02 481 ) DATE
 )
 )

On appeal from the decision of the 
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to an earlier effective date than August 12, 2010, for service connection for irritable bowel syndrome, including whether the decision regarding the effective date for service connection for irritable bowel syndrome was clearly and unmistakably erroneous.

2. Entitlement to an initial evaluation in excess of 30 percent for irritable bowel syndrome (IBS).

3. Entitlement to a total disability evaluation based on individual unemployability (TDIU).

4. Entitlement to service connection for left knee, torn medial meniscus.

5. Entitlement to service connection for bilateral renal cystic lesions as due to an undiagnosed illness.

6. Whether the decision to deny compensation for Gulf War illnesses was clearly and unmistakably erroneous.
7. Entitlement to an increased evaluation of pancreatic cancer s/p partial resection currently evaluated as 40 percent disabling.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Banks, Associate Counsel


INTRODUCTION

The Veteran had active duty including from December 1990 to May 1991.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from May 2011, December 2011, and September 2014 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

The Veteran testified, with regard to the issue of an earlier effective date for service connection for irritable bowel syndrome, before the RO during a January 2013 personal hearing, and he also testified before a Board of Veterans' Appeals (Board) Veterans Law Judge (VLJ) during a May 2013 Board videoconference hearing. In May 2018, he was advised that the VLJ who conducted that hearing is no longer employed by the Board and of his right to request another optional Board hearing. In June 2018, the Veteran submitted a VA Form 21-4138, Statement in Support of Claim indicating that he does not want another Board hearing.


FINDINGS OF FACT

1. The Veteran in this case served on active duty from December 1990 to May 1991.

2. In May and June of 2018, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that a withdrawal of this appeal is requested.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran have been met. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran has withdrawn this appeal and, hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.


ORDER

The appeal is dismissed.



 
A. C. MACKENZIE
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs